# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1412

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Francisco Ceballos, also known as | * | |
| Jorge, also known as Pelon, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

No. 04-1798

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Froylan Ceballos, also known as | * |
| Primo, | * |
| | * |
| Defendant-Appellant. | * |

_____

Submitted: November 15, 2004
Filed: November 23, 2004

_____

Before SMITH, LAY, and BENTON, Circuit Judges.
_____

PER CURIAM.

Defendants Froylan and Francisco Ceballos are brothers. Individuals apprehended by DEA (Drug Enforcement Agency) officials implicated the Defendants in a conspiracy to transport approximately forty-three pounds of methamphetamine from Texas to Nebraska. Froylan acted as the organizer. A subsequent search of Francisco's residence and garage in Omaha, Nebraska, revealed extensive drug processing equipment and paraphernalia, cocaine and methamphetamine residue, a semi-automatic shotgun, and $43,610 in U.S. currency. *See* Tr. of Sentencing Proceedings (TSP) at 94-99.

In October 2003, both Defendants pled guilty to one count of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Both Defendants objected to their Presentence Investigation Report. A joint sentencing hearing was held on January 29, 2004. Several witnesses testified against the brothers at that hearing.

The district court sentenced Froylan to 324 months (27 years) in prison, five years of supervised release, and a special assessment of $100. Francisco was sentenced to 210 months (17.5 years) in prison, five years of supervised release, and a special assessment of $100. Both Defendants filed independent, timely appeals which have been consolidated. We address each of the Defendants' arguments in turn.

**Froylan Ceballos**

Froylan argues his guilty plea was involuntary and unknowing because he thought he was pleading to a maximum of ten years of imprisonment. He now seeks

an order granting withdrawal from his plea. He points to two pieces of evidence to support his position. First, his response to Question 13 of his Petition to Enter A Plea of Guilty reveals that Froylan believed he was pleading to a maximum penalty of ten years in prison (excluding fines or other types of penalties). *See* Pet. to Enter A Plea of Guilty (located in the Clerk's Record at 4, 9). Second, Froylan points to the transcript of the guilty plea proceedings which reveals that he initially believed the maximum term of imprisonment for his offense was ten years. *See* Tr. of Guilty Plea Proceedings (TGP) at 8-9.

In addition to these two pieces of evidence, Froylan emphasizes that he does not speak English, and although he speaks Spanish, he is illiterate because he "never went to school when [he] was a youngster." TGP at 4. His plea agreement was in English, and he claims that no evidence shows whether the agreement was carefully translated to him, further proving his involuntariness and lack of knowledge.

We reject Froylan's request for an order granting withdrawal from the plea. First, the record indicates that an interpreter was always present while Froylan communicated with his attorney. *See* TGP at 4. Second, Froylan's incorrect response to Question 13 of the Petition to Enter a Plea of Guilty was addressed explicitly by the sentencing judge at the plea colloquy, where an interpreter was again provided. *See* TGP at 19-20 (wherein Defendant responds affirmatively to the question whether, despite his written error on the Petition, he understood that "the minimum sentence is ten years and the maximum sentence is life"); *see also id.* at 10-11 (wherein the court warns Defendant that his actual sentence may be longer than the ten years that he previously expected); *id.* at 11-18 (finding that Defendant's waiver of rights was knowing and voluntary); *id.* at 3 (wherein Defendant acknowledges he can understand and hear the interpreter at the plea hearing). Third, a signed declaration by an interpreter indicates that the indictment, Petition to Enter A Guilty Plea, and the Plea Agreement were all translated to Froylan in Spanish, his first language. *See* Clerk's Record at 21.

Froylan asserts that the Government clearly breached the terms of the plea agreement, or, alternatively, that he received ineffective assistance of counsel. We reject these claims summarily as Froylan's brief contains no analysis whatsoever on these issues; they are mere assertions occupying a brief paragraph. Froylan identified no conduct by the Government constituting a "breach," nor did he cite any behavior by his counsel as grounds for asserting ineffectiveness.

Lastly, Froylan argues for the first time in his reply brief that the holding in *Blakely v. Washington*, 2004 U.S. LEXIS 4573 (June 24, 2004), dictates that his sentence must be reversed since the district court made several factual conclusions rather than submitting those issues to a jury. *See* Reply Brief at 7-8. Absent some justification, we refuse to consider new arguments raised for the first time in a reply brief. *See United States v. Brown*, 108 F.3d 863, 867 (8th Cir. 1997). Froylan's counsel states that this argument was not raised in the opening brief because (1) *Blakely* was decided "shortly after the *drafting* of Froylan's appeal had begun," and (2) "the decision was unknown to Froylan's counsel and was consequently left out of the brief." Reply Brief at 7-8 (emphasis added). These are inadequate justifications since Froylan's brief was not filed until July 23, 2004 – almost a month after the *Blakely* decision was released.

Accordingly, Froylan Ceballos' appeal and request for an order to withdraw his guilty plea are DENIED. The judgment of the district court is AFFIRMED.[1]

---

[1]The mandate in this case is stayed pending the Supreme Court's resolution of *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, ___ U.S. ___, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan*, Docket 03-47-P-H (D. Me. June 28, 2004), *cert. granted*, ___ U.S. ___, 2004 WL 1713655 (August 2, 2004). This stay applies to all Eighth Circuit cases implicating judge-made factual conclusions under the United States Sentencing Guidelines. Accordingly, in this unusual circumstance, Froylan's mandate will be stayed despite his failure to raise this issue in his opening brief.

## Francisco Ceballos

Francisco argues that the district court should not have attributed the entire amount of the drugs involved in the conspiracy – fifteen kilograms of methamphetamine – to him for the purposes of sentencing. He claims that the total quantity of drugs involved in a conspiracy is not automatically attributable to each conspirator, and cites *United States v. North*, 900 F.2d 131 (8th Cir. 1990), for that proposition. As the Government points out, *North* is inapplicable. That case addressed whether North could be held responsible for the total amount of drugs involved in *multiple* independent conspiracies when, in fact, the evidence showed that North only participated in one of those conspiracies. Here, only a single conspiracy is at issue, so the holding in *North* does not aid his case.

Furthermore, there was no question that Francisco played a substantial role in the conspiracy, and a preponderance of the evidence showed that he was generally aware of the drug quantities that his family was trafficking. *See* TSP at 176-77. Additionally, the evidence was "uncontroverted" that Francisco was involved in the transfer of over fifteen kilograms of methamphetamine from Texas to Omaha. *Id.* at 177. Therefore, the district court did not err in holding Francisco accountable for that quantity of drugs. *See United States v. Rodriguez,* 367 F.3d 1019, 1028 (8th Cir. 2004); *United States v. Brown*, 148 F.3d 1003, 1008 (8th Cir. 1998).

Francisco also claims that when assigning the quantity of drugs to a co-conspirator, the Government "must prove the defendant benefitted from the commitment to the conspiracy." Appellant's Brief at 10 (*citing United States v. Flores*, 73 F.3d 826 (8th Cir. 1996)). Francisco misreads *Flores*. That case merely states that the degree to which a defendant benefits from co-conspirators' activities, and the level of commitment to a conspiracy that a defendant exhibited, are relevant factors in determining the drug quantity accountable to a co-conspirator. *See Flores*, 73 F.3d at 833.

Lastly, Francisco appeals the district court's decision to admit evidence of Francisco's prior convictions when the court lacked certified copies of the actual convictions. To prove the prior convictions, the Government presented a certified document from the U.S. District Court Probation Office in San Mateo, California, which reported Francisco's criminal record. *See* TSP at 192-96. Francisco contends that this violates Fed. R. Ev. 902, and therefore the enhancement of his sentence based on the prior record was clearly erroneous.

The Federal Rules of Evidence are inapplicable at sentencing hearings, and the document relied upon by the court contained sufficient markers of reliability: it issued from a recognized court, contained docket numbers, and its appearance was familiar to the sentencing judge. *See* Fed. R. Ev. 1101(d)(3); *United States v. Luna*, 265 F.3d 649, 652 (8th Cir. 2001). As such, the court did not err in admitting this evidence and relying upon it in reaching a sentencing decision.

Thus, Francisco Ceballos' appeal is DENIED. The district court's judgment is AFFIRMED.[2]

_____

[2]The mandate in this case is stayed pending the Supreme Court's resolution of *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, ___ U.S. ___, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan*, Docket 03-47-P-H (D. Me. June 28, 2004), *cert. granted*, ___ U.S. ___, 2004 WL 1713655 (August 2, 2004).